**No. 42546.**—Protest 948894–G of Associated Manufacturers Co. (San Francisco).

Opinion by DALLINGER, J. On the appraiser's admission that the bottles in question contained less than 4 percent of copper by weight they were held not subject to any copper tax under section 601 and the protest was sustained.

**No. 42547.**—Protest 969567–G of Judson Cutlery Co. (New York).

Opinion by DALLINGER, J. On the authority of *Oppleman* v. *United States* (T. D. 48651), *United States* v. *Leitz* (22 C. C. P. A. 277, T. D. 47329), and *United States* v. *Hensel* (id. 281, T. D. 47330) the leather sheaths were held dutiable separately at 35 percent under paragraph 1531 as claimed.

**No. 42548.**—Protests 973780–G, etc., of Stern Bros., Inc., et al. (New York).

Opinion by DALLINGER, J. On the agreed facts the articles in question were held dutiable as illuminating articles in chief value of glass at 60 percent under paragraph 218 (c), Abstract 41299 cited.

**No. 42549.**—Protest 981827–G of Landis Tool Co. (New York).

Opinion by DALLINGER, J. There was some testimony that the imported merchandise was scrap and had no commercial value. It was held, however, that the plaintiff failed to prove there was error in the collection's classification under paragraph 370. The protest was therefore overruled.

**No. 42550.**—Protest 968864–G of Concord Watch Co., Inc. (New York).

Opinion by DALLINGER, J. On the agreed facts and following *Abercrombie* v. *United States* (C. D. 135) the movements were held dutiable at $1.40 each and the cases at 10 cents each and 25 percent under paragraph 367 and T. D. 48093 as claimed.

**No. 42551.**—Protests 993531–G, etc., of De Frece Watch Co. et al. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of *Benrus* v. *United States* (T. D. 49289) parts of watch movements were held dutiable at 45 percent ad valorem under paragraph 367 (c) (1) as claimed.